**UNITED STATES of America**

v.

**Brian S. LAYTON, Appellant.**

**No. 11–1118.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Oct. 28, 2011.

Opinion Filed: Dec. 22, 2011.

Mark E. Coyne, Esq., Office of United States Attorney, Newark, NJ, for United States of America.

Paul A. Sarmousakis, Esq., Avalon, NJ, for Brian S. Layton.

Before: SLOVITER, GREENAWAY, JR., and ALDISERT, Circuit Judges.

OPINION

GREENAWAY, JR., Circuit Judge.

Appellant, Brian Layton ("Layton"), pled guilty to the commission of eight bank robberies in violation of 18 U.S.C. § 2113(a). The District Court for the District of New Jersey sentenced him to 120 months of incarceration, a three-year term of supervised release, $43,724 in restitution, and a special assessment of $800. Layton's counsel ("Counsel") moves this

Court for permission to withdraw from representing Layton on appeal, pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). For the reasons set forth below, we will grant Counsel's petition and affirm the conviction and sentence imposed by the District Court.

## I.  Background

We write primarily for the benefit of the parties and recount only the essential facts.

From September 19, 2008, through September 25, 2009, Layton committed eight bank robberies. Layton, after consultation with his prior counsel,[1] decided to waive indictment and enter a plea of guilty. As part of the plea deal, the Government agreed to stipulate that in the last bank robbery Layton had committed (September 25, 2009) he had "brandished," and not "otherwise used," a dangerous weapon.[2] The Presentence Investigation Report (PSR) recommended treating the incident in question as if Layton had "otherwise used" a dangerous weapon.

Prior to Layton pleading guilty, he was advised by the District Court that the sentence to be imposed was within the sole discretion of the Court and stipulations between the parties were not binding on the Court. Layton understood what the Court told him, and on February 9, 2010, Layton pled guilty to the eight bank robberies. The District Court accepted the PSR's determination that Layton had "otherwise used" a dangerous weapon during

the September 25, 2009, bank robbery, and rejected the stipulation of Layton and the government that Layton had merely "brandished" a dangerous weapon. On January 6, 2011, Layton was sentenced to 120 months of incarceration on each of the eight counts, the sentences to be served concurrently, $43,724 in restitution, and a special assessment of $800.

## II.  Jurisdiction

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

## III.  Standard of Review

"In *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), the Supreme Court explained the general duties of a lawyer representing an indigent criminal defendant on appeal when the lawyer seeks leave to withdraw from continued representation on the grounds that there are no nonfrivolous issues to appeal." *United States v. Marvin*, 211 F.3d 778, 779 (3d Cir.2000). Under *Anders*, counsel seeking to withdraw from representation must "satisfy the court that he or she has thoroughly scoured the record in search of appealable issues," and "explain why the issues are frivolous." *Id.* at 780. "The Court's inquiry when counsel submits an *Anders* brief is thus twofold: (1) whether counsel adequately fulfilled [Third Circuit Local Appellate Rule 109.2's] requirements;[3] and (2) whether an independent

1.  Layton's current counsel was appointed on June 10, 2010, after the plea hearing, but before the sentencing hearing. Layton's prior counsel negotiated the plea agreement.

2.  This would have resulted in a three-level enhancement as opposed to the four-level enhancement Layton received for having been found to have "otherwise used" a dangerous

weapon. *See* U.S.S.G. § 2B3.1(b)(2)(C) and (D).

3.  Local Appellate Rule 109.2 provides, in pertinent part:

Where, upon review of the district court record, counsel is persuaded that the appeal presents no issue of even arguable merit, counsel may file a motion to with-

review of the record presents any nonfrivolous issues." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir.2001). Where frivolousness is patent, however, "we will not appoint new counsel even if an *Anders* brief is insufficient to discharge current counsel's obligations to his or her client and this court." *United States v. Coleman*, 575 F.3d 316, 321 (3d Cir.2009).

A district court's sentencing decision is reviewed under an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007); *U.S. v. Tomko*, 562 F.3d 558, 561 (3d Cir.2009).

## IV.  *Analysis*

Counsel has satisfied his obligation to thoroughly search the record for any appealable issues, and has identified all potentially appealable issues, none of which is nonfrivolous. Counsel identified two issues that could potentially form the basis of an appeal: (1) the District Court erred by rejecting the parties' stipulation that Layton "brandished" as opposed to "otherwise used" a dangerous weapon; and (2) the District Court imposed an unreasonable sentence on Layton. Layton filed a separate brief identifying two issues he believes to be nonfrivolous. The issues Layton raises are the same that Counsel

raised in his brief.[4] The Government agrees with defense counsel that no nonfrivolous issues exist to appeal.

■  Layton contends he should have received a three-level enhancement for "brandishing" a dangerous weapon, rather than a four-level enhancement for "otherwise using" a dangerous weapon. Layton argues that he and the Government had agreed to a stipulation under which his use of a dangerous weapon during the September 25, 2009, bank robbery would be classified as having been "brandished" and not as "otherwise used." Therefore, the stipulation should have been adhered to by the District Judge. In reviewing the record we note that the District Judge, during the guilty plea hearing of February 9, 2010, clearly informed Layton, before accepting Layton's guilty plea, that the stipulation Layton had entered into with the government was not binding on the Court. The record supports the District Court's finding that Layton had "otherwise used" a dangerous weapon.[5] Appeal of the District Court's decision on this basis would be frivolous.

■  The second argument, asserting that the District Court imposed an unreasonable sentence, is also without merit.

---

draw and supporting brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), which must be served upon the appellant and the United States. The United States must file a brief in response. Appellant may also file a brief in response pro se.... If [the court] finds arguable merit to the appeal, or that the *Anders* brief is inadequate to assist the court in its review, it will appoint substitute counsel, order supplemental briefing and restore the case to the calendar.

4.  In his pro se brief, Layton appears to argue that the presentence report overstates his criminal history, and that the District Judge failed to consider his family background and medical problems in imposing sentence. If,

in fact, Layton intended to raise these arguments, we would find them to be totally without basis. The District Judge agreed with Layton's counsel that the disorderly conduct offense should not be counted in Layton's criminal history. (App.59.) Further, it is clear from the record that the District Judge considered Layton's family ties and medical history. (App.64.) Therefore, these issues would not form the basis for a nonfrivolous appeal.

5.  The 120–month sentence is also within the lower Guidelines range of 97 to 121 months that Layton would have fallen within had the District Court found that he had indeed "brandished" a dangerous weapon.

"[P]ost-*Booker*, 'the familiar abuse-of-discretion standard of review now applies to appellate review of sentencing decisions.'" *U.S. v. Tomko*, 562 F.3d 558, 561 (3d Cir. 2009) (quoting *Gall v. U.S.*, 552 U.S. 38, 46, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007)). That is, "appellate review of sentencing decisions is limited to determining whether they are 'reasonable.'" *Gall*, 552 U.S. at 46, 128 S.Ct. 586. Here, the District Court applied the three step procedure set forth in *United States v. Gunter*, 462 F.3d 237, 247 (3d Cir.2006). That is, the District Court calculated Layton's Guidelines sentencing range; considered and ruled on the parties' requests for departures or variances; and applied the factors set forth in 18 U.S.C. § 3553(a). The 120–month sentence was within the advisory Guidelines range of 108 to 135 months.

Within Layton's pro se brief, he complained that the Court was biased against the Guidelines' grouping rules. While the Court noted its reservation about the leniency of the grouping rules, it imposed a sentence well within the Guidelines range, which did not reflect any purported bias. Taking into account all of the factors discussed, the sentence imposed is reasonable.

### V. *Conclusion*

We find that no nonfrivolous issues exist for consideration on appeal. We will grant Counsel's motion to withdraw, pursuant to *Anders*, and affirm the judgment and conviction of the District Court. Counsel is also relieved of any obligation to file a petition for writ of certiorari in the Supreme Court. *See* 3d Cir. L.A.R. 109.2(b) (2011).